IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
OCT 2 2 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| YOLANDA GONZALES, Individually and as the Administrator of the Estate of Karen Marquerite Gonzales, Charles Gonzales, and Marguerite Vorheier Moore <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA <br><br> Defendant. | CIVIL ACTION NO. B-06-169 |

## OPINION & ORDER

BE IT REMEMBERED that on October 22, 2007, the Court **GRANTED** Plaintiffs' Unopposed Motion for Leave to File Plaintiffs' First Amended Complaint for Wrongful Death. Dkt. No. 19.

### I.  Background

Plaintiff brought suit on October 12, 2006 against the United States of America. Dkt. No. 1. Other related actions brought by Plaintiffs Hector Azua and Harold Bernard were consolidated on June 29, 2007. Dkt. No. 10. On September 26, 2007, Yolanda and Charlez Gonzales intervened as next friend of H         and K         minors, in this action.

### II.  Standard for Granting Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be

required when allowing an amendment would cause undue prejudice to the opposing party." Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, 79 F.3d 480, 484 (5th Cir. 1996). A court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003) (citing Foman v. Davis, 371 U.S. 178, 182 (1962))). In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182.

### III. Analysis

Plaintiffs explain that the consolidated cases and recent intervention "caused additional causes of action to be discovered." Dkt. No. 19, at 3. As this is an unopposed motion brought during the discovery stage, the Court finds that granting leave to amend would not unduly delay or cause undue prejudice.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' Unopposed Motion for Leave to File Plaintiffs' First Amended Complaint for Wrongful Death. Dkt. No. 19. Defendants have ten (10) days from the date Plaintiffs serve them with the amended pleading to file their responsive pleading. FED. R. CIV. P. 15(a).

DONE at Brownsville, Texas, this 22nd day of October, 2007.

Hilda G. Tagle
United States District Judge