United States District Court
Southern District of Texas
ENTERED

NOV 0 2 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| YOLANDA GONZALES, Individually and as the Administrator of the Estate of Karen Marquerite Gonzales, Charles Gonzales, and Marguerite Vorheier Moore <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA <br><br> Defendant. | CIVIL ACTION NO. B-06-169 |

## OPINION & ORDER

BE IT REMEMBERED that on ~~October~~ November 1, 2007, the Court **GRANTED** the parties' Unopposed Motion to Modify [the] Scheduling Order. Dkt. Nos. 22, 23.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton

*Crain*, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the parties jointly request that this Court modify the scheduling order so that the parties have an adequate opportunity to conduct discovery relevant to Intervenors' claims. Dkt. No. 23, at 2. This Court granted the intervention on September 26, 2007. Dkt. No. 16. Defendants' answers to Intervenors' complaint are not due until December 2007, Dkt. No. 23, at 2. However, the current scheduling order states the discovery shall be completed on January 15, 2008. Dkt. No. 7. The parties need more than one month to complete discovery. Therefore, the Court concludes that there is good cause for the requested modification.

BASED ON THE FOREGOING, the Court **GRANTS** the parties' Unopposed Motion to Modify [the] Scheduling Order. Dkt. Nos. 22, 23. An amended scheduling order will be issued separately from this Opinion & Order.

DONE at Brownsville, Texas, this 1st day of November 2007.

_____
Hilda G. Tagle
United States District Judge