IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 3 0 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| YOLANDA GONZALES, Individually and as the Administrator of the Estate of Karen Marquerite Gonzales, Charles Gonzales, and Marguerite Vorheier Moore, § § § § § § § Plaintiff, § § v. § § THE UNITED STATES OF AMERICA, § § Defendant. § | CIVIL ACTION NO. B-06-169 |

## OPINION & ORDER

BE IT REMEMBERED that on April 29, 2008, the Court **GRANTED** the parties' Agreed Unopposed Motion for Extension of Expert Deadline, Dkt. No. 43.

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.") (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton

*Crain*, 2005 U.S. Dist. LEXIS at *4; *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, the parties jointly request that this Court modify the scheduling order because "opinions and reports of . . . experts are dependent upon an interview with the minor children." Dkt. No. 43, at 1. To avoid a conflict with school, the parties scheduled the interviews for May 2, 2008. *Id.* The parties agree to extend the date for furnishing the expert report to May 16, 2008. Although "[t]he parties do not seek any continuance of the trial setting," the Third Amended Scheduling Order is not feasible. Discovery was to be completed by May 9, 2008 and dispositive motions to be filed no later than May 30, 2008. Dkt. No. 39.

BASED ON THE FOREGOING, the Court **GRANTS** the parties' Agreed Unopposed Motion for Extension of Expert Deadline. Dkt. No. 43. An amended scheduling order will be issued separately from this Opinion & Order.

DONE at Brownsville, Texas, on April 29, 2008.

Hilda G. Tagle
United States District Judge